**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| BENJAMINE HALL, | : |
| Plaintiff, | : Civil Action: 12-535 (SRC) |
| v. | : **O P I N I O N** |
| BRUCE SAPP, et al., | : |
| Defendants. | : |

**APPEARANCES:**

Benjamine Hall, Pro Se
#657459C/522291
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

**CHESLER, District Judge**

Plaintiff, Benjamine Hall, currently incarcerated at the South Woods State Prison, Bridgeton, New Jersey, seeks to bring this action alleging constitutional violations in forma pauperis, without prepayment of fees.  Based on Plaintiff's affidavit of indigence and institutional account statement, the Court will grant his application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, Plaintiff's complaint will be dismissed, without prejudice, as time-barred.

## BACKGROUND

Plaintiff seeks to sue Larry Glover, the Administrator, and Bruce Sapp, Associate Administrator, of Northern State Prison. He states that on July 10, 2009, August 12, 2009, and October 31, 2009, he was beat while handcuffed at Northern State Prison. Although Plaintiff names the specific officers who allegedly assaulted him within the complaint, he does not name these officers as defendants.  Instead, he argues that "Bruce Sapp and Larry Glover knew of the situations of me getting beat and allowed it putting me in danger because of the unauthorized usage of a synthetic telepathy machine that was place[d] on me on 4-wing in N.S.P. from the date of May 24, 2009 to May 22, 2010.

He asks for monetary and other relief.

## DISCUSSION

**A.   Standards for a *Sua Sponte* Dismissal**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte

2

dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is

facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009) (citing Iqbal, 556 U.S. at 676). The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See id. at 678–79; see also Twombly, 505 U.S. at 555, & n.3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234–35 (3d Cir. 2008).

**B.    Section 1983 Actions**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting

4

under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). See also Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

**C.   Analysis**

Plaintiff appears to be asserting Eighth Amendment excessive force and failure to protect claims under § 1983. However, based on the facts as alleged on the face of the Complaint, this Court finds that the Complaint is time-barred.

Federal courts look to state law to determine the limitations period for § 1983 actions. See Wallace v. Kato, 549 U.S. 384, 387-88 (2007). Civil rights or constitutional tort claims, such as the excessive force and failure to protect claims presented here, are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. See Wallace, supra; Wilson v. Garcia, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann., § 2A:14-2, governs Plaintiff's claim here. See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the

cause of action. See Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).

The statute of limitations is an affirmative defense that the defendants generally must plead and prove. See Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (statute of limitations on civil rights claim is an affirmative defense). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in Jones v. Bock, 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."

In this case, Plaintiff plainly alleges that his injuries occurred on July 10, 2009, August 12, 2009, and October 31, 2009, the dates he alleges the use of excessive force against his person. He would have two years from those dates, or by November 1, 2011, to timely file his asserted claims. Plaintiff's complaint was filed on January 3, 2012, the date he signed it, which was well beyond the statute of limitations.

New Jersey statutes set forth certain bases for "statutory tolling." See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing

6

tolling because of nonresidency of persons liable). As pled, the Complaint does not allege any basis for statutory tolling.[1]

New Jersey law also permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id.  When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling

---

[1] This Court has sua sponte considered whether there may be a viable basis to invoke Federal Rule of Civil Procedure 17(c). See Powell v. Symons, 680 F.3d 301, 307 (3d Cir. 2012) ("[I]t is the federal district court's obligation to issue an appropriate order 'to protect a minor or incompetent person who is unrepresented [by a general guardian] in an action'") (quoting Fed. R. Civ. P. 17(c)). This Court's "duty of inquiry involves a determination of whether there is verifiable evidence of incompetence." Id.  Despite the allegations in the Complaint concerning the "telepathy machine," to this Court's knowledge, no court has found Plaintiff legally incompetent. Under these circumstances, there is no "verifiable evidence" pled indicating that Plaintiff is an "incompetent person" within the meaning of Rule 17(c).

doctrine. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum. In this case, Plaintiff fails to articulate any basis for equitable tolling.

It is apparent from the face of the Complaint that Plaintiff's § 1983 claim is time barred and this Court will dismiss the Complaint as untimely. See Paluch v. Secretary Pennsylvania Dept. of Corrections, 442 Fed. Appx. 690, 694 n.2 (3d Cir. 2011) ("Although the statute of limitations applicable to § 1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record"); McPherson v. United States, 2010 WL 3446879 at *4 (3d Cir. Sept. 2, 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A").

If Plaintiff believes that he can assert facts showing that tolling is warranted, he may move to re-open this case and to

file an amended complaint stating the basis for tolling.[2] Furthermore, this Court notes that if Plaintiff can demonstrate tolling, and wishes to assert Eighth Amendment excessive force claims, he must name the Officers who committed the acts against him as defendants in any amended complaint.

## CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed without prejudice, in its entirety, pursuant to both 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(B)(1). An appropriate order follows.

  s/ Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

Dated: October 26, 2012

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. See id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. See id.